# STEVE ZISSOU & ASSOCIATES
42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.279.4500 | stevezissou@stevezissouesq.com

December 11, 2017

**BY ECF**

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Sassine Razzouk*
       Criminal Docket No. 11-430 (ARR)

Dear Judge Ross:

      I write in response to the Court's order of December 6, 2017, directing the parties to file letters addressing "whether an obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1 is appropriate in this case."

      While the Court's order did not specify the conduct that might support such an enhancement, as noted in the PSR, on December 17, 2015, Mr. Razzouk met with a target of the investigation, Rodolfo Quiambao, a close friend of many years, at the Borgata Hotel in Atlantic City, New Jersey. During this meeting, Mr. Razzouk advised Mr. Quiambao that he intended to tell the truth about their relationship and urged him to do the same. The probation department, and the government, erroneously concluded that *"Razzouk offered to falsely testify at Quiambao's upcoming trial that he did not exchange work for money"* (PSR para. 15) and, therefore, this offer "amounts to a willful attempt to obstruct or impede the administration of justice with respect to the prosecution of the instant offense."

**Legal Authority**

      Section 3C1.1 of the Sentencing Guidelines authorizes a two-level enhancement if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. §3C1.1(A). The defendant's obstructive conduct must relate to the charged offense or to a closely related offense. See U.S.S.G. §3C1.1(B). The Application Notes to §3C1.1 provide a non-exhaustive list of the types of conduct that encompass a sentence enhancement for obstruction of justice, including "committing, suborning, or attempting to suborn perjury." U.S.S.G. §3C1.1, note 4. A district court must identify particular parts of the defendant's testimony that it considers to be perjurious, and either "make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury" before it can apply the § 3C1.1 enhancement. United States v. Lawrence, 308 F.3d 623 (6th Cir. 2002).

      In *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111 (1992), the Supreme Court outlined the requirements necessary to support an obstruction of justice enhancement based on perjury.

The Supreme Court observed that perjury occurs when a witness "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Id.* at 94. The Court also explained that, though a defendant's right to testify at trial does not include a right to commit perjury, a defendant who is found guilty must not be penalized by an enhancement under § 3C1.1 simply for having testified on his or her own behalf. *Id.* at 95. The Supreme Court concluded, "if a defendant objects to a sentence enhancement resulting from [their] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice [...] under the perjury definition." *Id*.

When perjury provides the basis for an enhancement under the section, the court must find that the defendant willfully testified falsely with respect to a material matter. *United States v. Riney*, 742 F.3d 785, 790 (7th Cir. 2014)("To apply the enhancement based on perjury, the district court should make a finding as to all the factual predicates necessary for a finding of perjury: false testimony, materiality, and willful intent"), citing *Dunnigan*, supra at 95 (1993); *United States v. Simpson*, 741 F.3d 539, 555 (5th Cir. 2014); *United States v. Kahre*, 737 F.3d 554, 582-83 (9th Cir. 2013); but see United States v. Parker, 716 F.3d 999, 1012 (7th Cir. 2013)(enhancement inappropriate where neither the court nor appellate counsel could identify a willfully false statement and *the trial court had noted that "Ms. Parker may even believe herself that she didn't negotiate these checks"*); *United States v. Macias-Farias*, 706 F.3d 775, 782 (6th Cir. 2013)(enhancement inappropriate where the sentencing court failed to identify the statements it found perjurious). When based upon a false statement not under oath, the statement must still be material, that is, it must "tend to influence or affect the issue under determination." U.S.S.G. §3C1.1, cmt., app. n. 6; *United States v. Greig*, 717 F.3d 212, 222 (1st Cir. 2013); *United States v. McKinney*, 686 F.3d 432, 437-38 (7th Cir. 2012).

As applied to this case, the enhancement is simply inapplicable since Mr. Razzouk did not agree to testify falsely. Instead, he explained to Mr. Quiambao that the truth was better than whatever tale he intended to advance at his upcoming trial. And that, as he has told the government since his arrest in this case, the vast majority of the monies that he received from Mr. Quiambao was for work that he performed for him that had nothing to do with his employment at Con Edison. In fact, as the defense will demonstrate at the sentencing/restitution hearing, Con Edison suffered little or no loss whatsoever in this case.

Accordingly, an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1 is not appropriate in this case.

Thank you very much for your consideration in this matter

Respectfully submitted,

/s/
Steve Zissou
Attorney for Sassine Razzouk

cc: paul.tuchmann@usdoj.gov