# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.541.0716 | stevezissou@stevezissouesq.com

December 13, 2017

**BY EMAIL**

Paul A. Tuchmann, Esq.
United States Attorney's Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820

Re:   United States v. Sassine Razzouk
      Criminal Docket No. 11-430 (ARR)

Dear Mr. Tuchmann:

    I write to advise you that the defense is unable to respond to some of the government's restitution requests without additional disclosure as set forth below.

    Regarding the information supplied thus far, the government has identified 11 different areas where Con Edison claims to have suffered a loss. These areas are referenced using a "Purchase Order Number." It is our understanding that the term "purchase order number" ("PON") refers to the number assigned to a contract between Con Edison and an outside vendor. This contract is good for 2 years and includes a description of the services to be provided and the total amount that Con Edison agrees to pay for these services. When the vendor is ready to commence the work envisioned by the contract, Con Edison issues an Order Release Number. And as the work is performed, a Con Edison "Technical Coordinator" ("TC") confirms that the work has been done, and Con Edison's accounting department makes payment for that portion of the job.[1]

    The Con Edison Technical Coordinator ("TC") is the gatekeeper for each job. Among other responsibilities, the TC is responsible for ensuring that the vendor has satisfactorily completed the work and negotiates with the vendor when additional work is needed. During the relevant time period, there were 5 TCs that worked in Mr. Razzouk's department, Electrical Design Engineering. These were, Sudhir Kadakia, Steve Misilo, Sergo Sagarelli and Denise McCann, Aitqur Shoudury.

---

[1] We have attached a chart that describes the process in more detail (see: bates # CE0034353).

In the government's letter and supporting documents, of the 11 purchase order numbers designated as proof that Con Edison was entitled to an order of restitution, 3 include multiple Con Edison projects. PON 321623 includes 36 different projects; PON 519867 includes 131 different projects, and PON 829012 includes 100 different projects. The 8 other numbers are limited to a single project and, therefore, we are able to conduct a satisfactory review.

However, it is impossible for the defense to effectively respond to the restitution requests that include multiple projects based on what has been submitted thus far. To do so, we need the complete project folder for each individual project where Con Edison claims an overage that is attributed to the offense of conviction. Among other things, reports and other updates prepared by the technical coordinators will be included in the job folders.

These project folders were maintained in the ordinary course of business by Con Edison during the dates in question (2006 – 2011) and should be readily available. In the absence of this supplemental information, we will be unable to respond as the Court has directed and will have no alternative but to ask the Court to disregard the requests for restitution under PONs 321623, 519867 and PON 829012.

Thank you very much for your prompt attention to this matter

                                                   Respectfully submitted,

                                                   /s/
                                                 Steve Zissou
                                                 Attorney for Sassine Razzouk

cc: Hon. Allyn R. Ross, by ecf