## Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.541.0716 | stevezissou@stevezissouesq.com

March 12, 2018

**BY ECF and Under Seal**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States of America v. Sassine Razzouk*
         Docket Number 11-Cr-430 (ARR)

Dear Judge Ross:

Sassine Razzouk respectfully submits this supplemental letter regarding the amended tax returns he filed for the years 2007-2009.

### I.   THE IRS RESTITUTION CLAIM

The basis of the government's request that the Court order restitution to the IRS in the sum of $4,118,288.01, is that Mr. Razzouk "claimed a loan of $6.5 million related to the funds he forfeited in 2011 about this case, spread over all of those tax years" and that "[i]t is the IRS's position that the defendant may not claim this $6.5 million in forfeiture payments as loans spread across these tax years" (Government letter dated 10/11/2017 p.5). As explained below, this argument rests on a faulty factual premise.

#### 1.   The "Relation Back" Provision of 21 U.S.C.S. § 853(c).

As outlined in the defendant's objection letter, Mr. Razzouk filed amended returns for all the relevant years and paid the full tax owed for each year. The legal strategy was devise by the law firm that represented him at the time, Morvillo, LLP, and was explained in detailed to the attorney for the government, Daniel Brownell, by Mr. Razzouk's lawyer, E. Scott Morvillo, Esq., *before the returns were filed.* The amended returns were prepared by an accounting firm, Leon M. Reimer, Co.,[1] hired by counsel for the defendant.

As explained by Mr. Morvillo and as specifically referenced in the amended returns, the legal basis for not including the $6.5 million in forfeiture payments was the "relation back" provision of 21 U.S.C.S. § 853(c). Pursuant to this statute, all right, title, and interest in property described in subsection (a) — i.e.

---
[1] Now www.citrincooperman.com.

offense property — vests in the United States upon the commission of the act giving rise to forfeiture under this section, i.e., at the time of the commission of the crime. 21 U.S.C.S. § 853(c). Section 853(c) reflects the application of the long-recognized and lawful practice of vesting title to any forfeitable assets, in the United States, *at the time of the criminal act giving rise to forfeiture*. In short, since title never vested in Mr. Razzouk, he and his wife, Grace Razzouk, were justified in not categorizing these forfeited funds as "income" in the years covering the amended tax returns.[2] The fact that the accountants categorized the funds as "loans" in the amended corporate returns is of no import.[3]

### 2. The Government's Belated Objection

As we argued in a previous submission, given the fact that the attorney for the government was fully advised of the legal arguments that were the basis of the amended tax returns and the government still waited more than five years ago to voice any objection whatsoever, principles of lenity should guide the analysis. The government and the IRS *case agent* assigned to this case were on notice, and neither said or did anything. Instead, letting year after year after year pass and then have the audacity to demand interest and penalties as well. Under the circumstances, by failing to make the timely assertion of a right, the government has waived and/or forfeited the argument it now advances. *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (citation and internal quotation marks omitted) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)); *Hamilton v. Atlas Turner, Inc., 197 F.3d 58 (2d Cir. 1999)*; *Hyundai Mipo Dockyard Co. v. AEP/Borden Indus. (In re Rationis Enters. of Pan.), 261 F.3d 264 (2d Cir. 2001)*.

Accordingly, the government's request for an additional payment of $4,118,288.01 should be denied.

Thank you for your consideration in this matter.

Respectfully submitted,

/s/

Steve Zissou

cc: AUSA Paul Tuchmann by ecf and email

---

[2] The amended returns have been filed under seal along with this letter.
[3] Neither Mr. Morvillo or Mr. Razzouk recall why the funds were categorized as "loans. Counsel has made inquiries with the accounting firm and awaits a satisfactory response.