# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361| 718.541.0716 | stevezissou@stevezissouesq.com

March 30, 2018

**BY ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States of America v. Sassine Razzouk*
      Docket Number 11-Cr-430 (ARR)

Dear Judge Ross:

I write to supplement the defendant's motion to vacate his guilty plea to Count I of the Information (Bribery) filed on January 2, 2018. As explained below, since there was no "factual basis" established at the change of plea hearing, as required by Rule 11 (b)(3) of the Federal Rules of Criminal Procedure, the guilty plea to Count I must be vacated.[1]

## The Guilty Plea

Mr. Razzouk appeared before the Honorable Roslynn R. Mauskopf on June 10, 2011, to enter his guilty plea. At the outset, the Court noted that Mr. Razzouk was "emotional." The following colloquy occurred:

> THE COURT: And Mr. Razzouk, I know this is emotional and I see that you are a bit emotional here. If at any time you need me to repeat anything, if at any time you need to take a break, just let me know.[2]

Tr. at 12.

After conducting a fairly standard Rule 11 hearing, the Court turned to the essential task of establishing a factual basis for the guilty plea. Her Honor asked Mr. Razzouk to "[t]ell me in your own words what you did to commit the crime charged in Count 1 of the Information." (Tr. at 31). Counsel for the parties had prepared a script from which Mr. Razzouk read in response to Judge Mauskopf's question. As memorialized in the transcript of the change of plea hearing, (Tr. at 32), the first part of the allocution described Mr. Razzouk's employment at Con Edison:

---

[1] The plea allocution to counts 2-4 was legally sufficient and the defendant has no objection to proceeding to sentence on those counts should the Court deny his motion to vacate upon the ground that the government breached the plea agreement.

[2] No further inquiry was made regarding the defendant's emotional condition.

> From 2007 to January 2011 I worked for Con Edison as a manager in the electrical design engineering department. In this position I oversaw the design of the electrical controls systems mainly for Con Ed generating station and substation within New York City and Westchester County.

This was followed by a brief description of the role of private contractors in this process and monies paid to Mr. Razzouk by Rudel:

> At times private contractors were hired by Con Ed to draft the electrical control system. A private contractor was awarded these contracts based on a bidding system that I oversee. Rudel & Associate was one of the contractors who performed work for Con Ed under this contract. During this period I accepted United States currency from Rudel & Associate.

Finally, Mr. Razzouk's reading of the script ended with what at best can be described as ambiguity:

> I received these payments in part with the intent to influence with respect to awarding jobs to Rudel in excess of $5,000. Specifically, I provided benefit to Rudel & Associate, among other things; provided them with additional Con Edison work, assisting them with bids and approving payment to Rudel & Associates in contracts with Con Edison for *things* I was not entitled to (emphasis added).

The remainder of the Court's inquiry regarding the factual basis of the guilty plea concerned venue and jurisdiction:

> THE COURT: And when you did all of this, where were you? Where was your office located?
>
> THE DEFENDANT: At Four Irving Place in Manhattan.
>
> THE COURT: And the basis for venue in the Eastern District, Mr. Brownell?
>
> MR. BROWNELL: Your Honor, Rudel & Associates, first of all, is located in Queens, New York. The other thing many of these contracts involved drafting plans for substations and electrical stations of Con Ed, many of those stations were in Queens, Brooklyn, Staten Island, and actually Manhattan and the Bronx as well.
>
> THE COURT: And the government would be prepared to prove that?
>
> MR. BROWNELL: Exactly, your Honor.

> THE COURT: And with respect to the entity Con Edison, would the government be prepared to prove that Con Edison or that Con Edison received benefits in excess over $10,000 in federal assistance.
>
> MR. BROWNELL: Exactly, your Honor. Especially from the United States Department of Housing and Irving Development and from United States Department of Energy. In fact, during all of those years, 2006 to -- well, through the beginning of 2011, Con Ed has received in fact millions of dollars annually from those two federal agencies alone.

Finally, the Court asked if the government was otherwise satisfied with the allocution to Count I of the information:

> THE COURT: And from the government's perspective is the allocution sufficient on Count 1?
>
> MR. BROWNELL: It is, your Honor.

Counsel apparently did not realize that the allocution scripted by the parties was legally insufficient to satisfy all the elements of a violation of 18 U.S.C. § 666(a)(1)(B), as explained below, and, therefore, did not establish a factual basis for the guilty plea.

Mr. Razzouk has already submitted a motion to vacate his guilty plea on the grounds that the government breached the plea agreement. This motion is *sub judice*.

## ARGUMENT

I. SINCE THE FACTUAL BASIS FOR THE PLEA WAS LEGALLY INSUFFICIENT, MR. RAZZOUK NEVER PLED GUILTY TO COUNT I OF THE INDICTMENT. HIS PLEA IS INVALID AND SHOULD HAVE BEEN REJECTED BY THE DISTRICT COURT AND MUST BE VACATED.

### A. The Applicable Law

Under Rule 11 of the Federal Rules of Criminal Procedure, the district court, "[b]efore entering judgment on a guilty plea, must determine that there is a factual basis for the plea." Fed. R. Crim P. § 11(b)(3). Rule 11 does not require that the district court determine whether a jury would find the defendant guilty or that the defendant is guilty by a preponderance of the evidence, only that the court "assure itself simply that the conduct to which the defendant admits is, in fact, an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).

In assessing whether the defendant's conduct satisfies the elements of the charged offense, "[t]he court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999). "'[A]

reading of the indictment to the defendant coupled with his admission of the acts described in it [provides] a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed a1nd specific, and the admission unequivocal.'" *Id.* (quoting *United States v. O'Hara*, 960 F.2d 11, 13 (2d Cir. 1992)).

The court's obligations under Rule 11[(b)(3)] "continue until it has entered judgment. If it decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant." *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998). Moreover, it is error for the court to find that a factual basis exists when the defendant actively contests a fact constituting an element of the offense in the absence of circumstances warranting the conclusion that the defendant's protestations are "unworthy of belief." *United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012) (vacating guilty plea where defendant denied he participated in a conspiracy to import five or more kilograms of cocaine). If an accepted guilty plea lacks a factual basis, reversal and remand is required. *See Id. at* 192. (quoting *United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006) ("A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. 'Such defects are not technical but are so fundamental as to cast serious doubt on the voluntariness of the plea,' and require reversal and remand so that the defendant may plead anew or stand trial.").

In *United States v. Garcia*, the Court explained that "[t]he overarching requirement" of Rule 11 "is that the [district] court 'assure itself simply that the conduct to which the defendant admits is, in fact, an offense under the statutory provision to which he is pleading guilty.'" 587 F.3d 509, 514 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)). *See also United States v. Rodriguez*, 501 Fed. Appx. 86, 89-90 (2d Cir. 2012) (The district court must make a finding "that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea."). Thus, the district court is required to examine the relationship between the law and the acts to which the defendant has admitted, an inquiry designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Garcia*, 587 F.3d at 514-15 (quoting *Maher*, 108 F.3d at 1524 [quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)]).

Moreover, to avoid any question of the sufficiency of a guilty plea's factual basis, the district court should ensure "that the defendant's statement [as to his own offense conduct] includes conduct—and mental state if necessary—that satisfy every element of the offense." *United States v. Persico*, 61 F. Supp. 3d 257, 268 (E.D.N.Y. 2014), reconsideration denied in part, No. 10-CR-147 SLT, 2015 WL 893542 (E.D.N.Y. Mar. 2, 2015) (quoting *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995)).

### B. The Elements of the Offense - 18 U.S.C. § 666(a)(1)(B)

To accept Mr. Razzouk's guilty plea to Count I of the information (Federal Program Bribery in violation of 18 U.S.C. § 666(a)(1)(B)), the factual basis must establish the following five elements:

> First: That at the time alleged in the indictment, the defendant was an agent of an organization receiving federal funds;
>
> Second: That the organization received federal benefits in excess of $10,000 in a one-year period;
>
> Third: That the defendant accepted/agreed to accept/solicited or demanded something of value from Rudell & Associates;
>
> Fourth: That the defendant acted corruptly with the intent to be influenced in connection with the business of the organization; and
>
> Fifth: That the value of the transaction(s) to which the payment related was at least $5,000.

Sand et al., 27A9.

In construing similar statutes, the courts have required a quid pro quo. *See Skilling v. United States*, 130 S. Ct. 2896, 2928 (2010) (discussing honest-services fraud under 18 U.S.C. § 1346); *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404 (1999) (construing 18 U.S.C. § 201(b)). *United States v. Bahel*, 662 F.3d 610 (2d Cir. 2011).

Unlike §§ 1951 (Hobbs Act) and 201 (bribery of a public official), § 666 does not use the term "official act." Instead, section 666 requires the government to prove that the official solicited the bribe "corruptly . . . , intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency." In *McDonnell v. United States*, 136 S. Ct. 2355 (2016), the Supreme Court clarified the meaning of "official act" under § 201 and held that the trial court committed reversible error when it failed properly to instruct the jury on the meaning of the term, allowing the government to rely on an overly-broad definition.

18 U.S.C. § 666 does not define "anything of value" or prescribe an approach to attaching value to the transaction. The term includes intangibles that may be difficult to value. *See United States v. Marmolejo*, 89 F.3d 1185, 1191 (5th Cir. 1996) (discussing the meaning of the term and holding that conjugal visits for which prisoner paid defendant $6,000 a month and $1,000 per visit satisfied this element of the offense); *United States v. Coyne*, 4 F.3d 100, 111 (2d Cir. 1993) ("an interest-free loan of $30,000 without contemporaneously documented terms is 'something of value'"). "To act corruptly means simply to act *knowingly and intentionally* with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the receipt of the thing of value." Sand et al., 27A-13.

Finally, as relevant to this case, 18 U.S.C. § 666(c) provides that [t]his section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

It is exceedingly clear from the plea transcript that Mr. Razzouk's allocution did not provide a factual basis to all of the elements that would establish a violation of the federal bribery offense outlined in 18 U.S.C. § 666(a)(1)(B). Mr. Razzouk's admission to the offense charged was never "unequivocal." *Andrades*, 169 F.3d at 136 (quoting *O'Hara*, 960 F.2d at 13). Far from merely unequivocal, Mr. Razzouk's admissions affirmatively communicated nothing.

For example, the portion of the script that Mr. Razzouk read from acknowledging that while he worked at Con Edison he "accepted United States currency from Rudel & Associate" is factual irrelevant to establishing a factual basis for the guilty plea since there has never been any dispute that Mr. Quiambao paid for work that Mr. Razzouk preformed for Rudell and Associates that had nothing whatsoever to do with Con Edison. To establish a factual basis for the guilty plea, only monies that were obtained "corruptly" trigger the statute. The requirement that only monies that are corruptly obtained are included is especially relevant here since, as expressly provided in § 666(c), "bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business" are not counted.

Of course, it may well have been helpful to Judge Mauskopf had the government shared with her Honor the fact that Mr. Razzouk and Mr. Quiambao had a long-term relationship that included legitimate business ventures. Had she be fully advised of these fact, she might have conducted a more searching inquiry that satisfied the rigorous standards mandated by Rule 11.

The section of the script that the monies were paid "in part with the intent to influence with respect to awarding jobs to Rudel in excess of $5,000" hardly does anything to establish a violation of the statute since it is at best ambiguous and certainly not unequivocal. In short, a Court should not have to guess at what something means to establish a factual basis for a guilty plea.

The final section of the script that Mr. Razzouk read is equally unhelpful:

> Specifically, I provided benefit to Rudel & Associate, among other things; provided them with additional Con Edison work, assisting them with bids and approving payment to Rudel & Associates in contracts with Con Edison for *things* I was not entitled to" (emphasis added).

Whatever the parties understood this section to mean at the time that the guilty plea was entered is a mystery to present counsel. Regardless, the fact that Mr. Razzouk received "things" does not establish the essential Quid Pro Quo. The "*things*" must be "something of value" that will influence the decision-making progress of an agency that receives government fund. The thing of value may be tangible property, intangible property, or services, of any dollar value, so long as it has value. Merely reciting that he received "*things*" that he was "*not entitled to*" legally insufficient.

Moreover, at no time did the Court make a finding that Mr. Razzouk acted with the requisite mental state when he allegedly committed the crime of Federal Program Bribery or that he knowingly and intentionally acted "corruptly" with the purpose of accomplishing an unlawful end. Sand et al., 27A 13.

## CONCLUSION

For the above-stated reasons, the guilty plea to Count I of the Information should be vacated and the Court should enter a not guilty plea to Count I of the Information.

Thank you very much for your consideration in this matter.

Respectfully submitted,

/s/

Steve Zissou

cc: AUSA Paul Tuchmann by ecf and email