UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                                       :
United States of America,                                              :    11-CR-430 (ARR)
                                                                       :
                    Plaintiff,                                         :
          -against-                                                    :    ORDER
                                                                       :
Sassine Razzouk,                                                       :    (Not for Publication)
                                                                       :
                    Defendant.                                         :
                                                                       :
---------------------------------------------------------------------- X

On May 7, 2018, defendant Sassine Razzouk filed a motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure to amend the Judgment of Conviction ("JOC"), ECF No. 86, entered in this case on April 25, 2018.[1] Def.'s Mot. to Amend J., ECF No. 88 ("Def.'s Mot."). Specifically, defendant requests that I amend the JOC to include the schedule by which restitution must be paid to victims Consolidated Edison Company of New York ("Con Edison") and National Union Fire Insurance ("National Union"), as that schedule was delineated in the "Statement of Reasons Concerning Restitution,"[2] issued in conjunction with the oral pronouncement of defendant's sentence. *Id.* at 1–2. Defendant also requests that I amend the JOC such that the amount of restitution that he must pay to the Internal Revenue Service ("IRS") reflects payments that defendant already made toward his tax liabilities. *Id.* at 2–3. The government opposes both amendments. See Gov. Resp. in Opp'n to Def.'s Mot. to Amend J., ECF No. 91 ("Gov.'s Opp'n"). For the following reasons, defendant's motion is denied.

---

[1] I presume familiarity with the background of this case.
[2] *See* ECF No. 84 (heretofore referred to as "Restitution SOR").

1

## DISCUSSION

Under Federal Rule of Criminal Procedure 35(a), a sentencing court may, within fourteen days of sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The rule "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995) (quoting Advisory Committee's Note on Fed. R. Crim. P. 35).

First, it is doubtful that I still possess jurisdiction to amend the judgment in this case. Rule 35(a) permits a court to amend a sentence "[w]ithin 14 days after sentencing," where the fourteen-day period begins to run upon "the oral pronouncement of the sentence." Fed. R. Crim. P. 35(a), (c). The Second Circuit has held that the time limit imposed by Rule 35 is jurisdictional. *Abreu-Cabrera*, 64 F.3d at 73. Therefore, a district court lacks jurisdiction to amend a sentence after the fourteen-day period, regardless of when defendant filed his motion. *See United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995)); *accord United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (finding that the district court lacked jurisdiction to entertain a Rule 35 motion after the fourteen-day period had elapsed); *United States v. Higgs*, 504 F.3d 456, 458–59 (3d Cir. 2007) (finding that the time limit in Rule 35(a) applies to the district court's action, not to counsel's motion). In this case, more than fourteen days have elapsed since the oral pronouncement of the sentence. Thus, this court likely lacks jurisdiction to amend the JOC under Rule 35(a).

Second, even assuming that I did have jurisdiction under Rule 35(a), defendant's motion would fail on the merits. Defendant contends that the JOC does not include the payment schedule as articulated in the Restitution SOR, which I issued in conjunction with the oral

pronouncement of his sentence. Def.'s Mot. at 1–2. According to defendant, the JOC, therefore, requires him to pay restitution to Con Edison and National Union immediately, in contravention of the Restitution SOR. *Id.* at 2. Defendant is incorrect. The Statement of Reasons, ECF No. 87, that accompanies the JOC includes the transcript of the sentencing proceeding, which, in turn, references the Restitution SOR that sets forth the payment schedule. *See* ECF No. 87-1 ("[A]s to restitution to Con Ed and National Union, I award $6,867,350.51, plus pre-judgment interest as further explained in the written opinion that I am now giving you."). The JOC, therefore, incorporates the payment schedule even if it does not expressly set forth the payment schedule.

Moreover, even if the JOC did not incorporate the payment schedule as delineated in the Restitution SOR, such an omission would not constitute "arithmetical, technical, or other clear error" warranting an amendment of the judgment. As the government argues, "the JOC plainly identifies the total amounts due to the victims and directs the defendant to pay those amounts." Gov.'s Opp'n at 2. It does not contradict the Restitution SOR—and, if it did, the oral pronouncement would control. *See United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999) ("[T]his Circuit has held that 'where there is a *direct conflict* between an unambiguous oral pronouncement of sentence and the written judgment and commitment . . . the oral pronouncement . . . must control.'" (quoting *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974))). Given that "there is no indication here that the written judgment changed the sentence that was pronounced orally," the JOC need not be amended. *Id.* at 63.

There was also no error concerning the amount of restitution that I ordered defendant to pay the IRS. The fact that defendant has submitted amended tax returns to the IRS that included payments towards his tax liability does not change the total amount that he owes to the IRS as a result of his offense of conviction. In addition, the defendant *will* receive credit for payments

3

already made. *See* JOC at 8 ("The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed."). An amendment to the judgment on this ground is therefore unnecessary.

## CONCLUSION

For the foregoing reasons, defendant's motion is denied.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　Allyne R. Ross
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　　May 17, 2018
　　　　　　Brooklyn, New York