UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
United States of America,                                            :     11-CR-430 (ARR)
                                                                     :
                    Plaintiff,                                       :
                                                                     :     MEMORANDUM AND
        -against-                                                    :     ORDER
                                                                     :
Sassine Razzouk,                                                     :
                                                                     :
                    Defendant.                                       :
                                                                     :
-------------------------------------------------------------------- X

On June 10, 2011, Sassine Razzouk, a former employee of Con Edison Co. of New York, Inc. ("Con Edison") pleaded guilty to accepting bribes in violation of 18 U.S.C. § 666(a)(1)(b) and three counts of tax evasion in violation of 26 U.S.C. § 7201 pursuant to a cooperation agreement. *See* Information, ECF No. 16; Waiver of Indictment, ECF No. 17; Min. Entry for Plea Agreement Hr'g, ECF No. 18. On April 3, 2018, I sentenced the defendant to concurrent sentences of 78 months of imprisonment on the bribery count and 60 months on the tax evasion counts, to be followed by three years of supervised release. *See* Sentencing Min. Entry, ECF No. 83; Oral Sentencing Op. 13 ("Oral Sent. Op."), ECF No. 85; Tr. of Sentencing 69:1–7 ("Sent. Tr."), ECF No. 104. I also ordered the defendant to comply with the $6,515,809 forfeiture money judgment and to pay $1,982,238.34 in restitution to the Internal Revenue Services (IRS) and $6,867,350.51 plus prejudgment interest in restitution to Con Edison and its insurer National Union Insurance Company ("National Union"). Oral Sent. Op. 14, 18; Statement of Reasons Concerning Restitution 23 ("Restitution SOR"), ECF No. 84.

On June 4, 2018, defendant moved for bail pending appeal and a stay of his financial penalties, *see* Def.'s Mot. for Bail Pending App. ("Def.'s Bail Mot."), ECF No. 97, which the

1

government opposed, *see* Gov't Opp'n to Def.'s Bail Mot. ("Gov't Opp'n"), ECF No. 99. On June 21, 2018, I denied defendant's motion for bail pending appeal and reserved judgment on defendant's motion for a stay of his financial penalties pending analysis of his Personal Financial Statement. *See United States v. Razzouk*, No. 11-CR-430 (ARR), 2018 WL 3062585, at *1 (E.D.N.Y. June 21, 2018). Having reviewed the pertinent financial data, I now grant in part and deny in part defendant's motion for a stay of the restitution order.[1]

## DISCUSSION

The defendant requests that I stay the restitution order[2] pending appeal because (1) his appeal "presents a host of meritorious issues that may well be decided in his favor" and (2) he would suffer "irreparable injury" absent a stay. Def.'s Bail Mot. 5. The government argues that both of the defendant's asserted reasons for a stay are meritless. *See* Gov't Opp'n 4–7; Gov't Resp. to Def.'s Reply ("Gov't Resp.") 3–4, ECF No. 102.

In the event of an appeal, a court "may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556." Fed. R. Crim. P. 38(e)(1). To determine whether to grant a stay, courts have analyzed four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Yalincak*, No. 05CR153 (JBA), 2015 WL 6456537, at *2 (D. Conn.

---

[1] For the purposes of this Memorandum and Order, I presume the parties' familiarity with the facts and circumstances of this case, as detailed in my previous opinions. *See* Oral Sentencing Op.; Restitution SOR; *Razzouk*, 2018 WL 3062585, at *1–*5.

[2] In his most recent submission, the defendant clarified that his request refers only to the restitution order and not to the forfeiture order. *See* Def.'s Reply to Gov't Opp'n ("Def.'s Reply") 8 n.3, ECF No. 101. Nevertheless, defendant's letter is not clear as to whether he is referring to the order to pay restitution to the IRS, to Con Edison, or to both.

Oct. 26, 2015) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Courts give the most weight to the first two factors. *Yalincak*, 2015 WL 6456537, at *2 (citing *Niken*, 556 U.S. at 434).

First, the defendant has not made "a strong showing" of a likelihood of success on the merits as to the bulk of the restitution order. As discussed in prior opinions, there is abundant evidence that Con Edison suffered a loss and that the bribery at issue in this case constitutes an "offense" against property for purposes of the Mandatory Victim Restitution Act of 1997 (the "MVRA").[3] *See* Restitution SOR 3–17; *Razzouk*, 2018 WL 3062585, at *2 n.3. In addition, the defendant is not likely to prevail on his argument that the government breached the cooperation agreement—the only possible basis for calling into question the order to pay restitution to the IRS—or that his guilty plea for bribery should be vacated. As I have noted, the defendant allocuted to having accepted bribes, agreed to forfeit over six million dollars, and testified that he received checks from Quiambao for *years* that could not be justified by the allegedly legitimate work that he performed for Quiambao overseas. *Razzouk*, 2018 WL 3062585, at *3–*5 & n.8.

Defendant's only potential meritorious argument is with regard to the portion of the restitution order that awarded Con Edison restitution for its investigative costs. *See* Restitution SOR 17–19. After I issued the restitution order, the Supreme Court decided *Lagos v. United States*, 138 S. Ct. 1684 (2018). *Lagos* held that, under the MVRA, a defendant cannot be forced to reimburse a victim for expenses incurred during an internal investigation of the defendant's illegal actions, as distinct from a government investigation into or prosecution of those actions. *Id.* at 1687. Because I agree with the parties that *Lagos* may affect the award of restitution to Con

---

[3] As I explained in the Restitution SOR, while it is possible for an employee to accept or solicit bribes without causing his employer a pecuniary loss, that is not the case here. *See* Restitution SOR 13. I limit my analysis to the bribery "at issue in this case" for this reason.

Edison for its investigative costs,[4] *see* Def.'s Bail Mot. 3–4; Gov't Opp'n 6, I grant defendant's motion to stay this portion—and only this portion—of the restitution order.

As to the second factor, the defendant has not shown that he will suffer irreparable injury absent a stay. Defendant argues that he has "only approximately $3 million in assets available to satisfy the order of restitution" to Con Edison. Def.'s Reply 5. Of this amount, he says that $1.5 million consists of his share of two homes that he owns, one he owns with his wife and one he owns with his children. *Id.* If I do not grant a stay, defendant argues that he will have to sell both residences, depriving his wife of her home of almost twenty years. *Id.*

Defendant's financial records and the Probation Department's research, however, paint a very different picture of the defendant's finances. Defendant's total net worth is almost thirteen million dollars. Probation Dep't Mem. on Def.'s Personal Financial Statement 3. His monthly income, which includes pension benefits and dividends from investment accounts, is almost fourteen thousand dollars. *Id.* His monthly expenses—which include landscaping—amount to around twenty-two thousand dollars.[5] *Id.* at 4. Even if I found compelling defendant's argument that I should allow him to keep *both* homes pending his appeal, the financial data available to the court indicates that defendant could pay all of the restitution that he owes without coming close to needing to sell his homes.

---

[4] I note, however, that I awarded investigation costs to Con Edison through June 10, 2011, the date the defendant pleaded guilty, because there was a "preponderance of evidence that Con Edison's expenses [until then] were 'necessary' for the investigation or prosecution of the defendant." Restitution SOR 19. I further note that *Lagos* did "not address . . . whether . . . the Mandatory Victims Restitution Act would cover similar expenses incurred during a private investigation that was pursued at a government's invitation or request," 138 S. Ct. at 1690, and the record is not clear as to whether Con Edison's investigation before that date was in part at the government's behest.
[5] Defendant reports that he covers his negative monthly cash flow by using his savings.

4

In addition, defendant is only obligated to immediately pay a fraction of what he owes, namely the restitution that he owes to the IRS ($1,982,238.34) and $500,000 of the amount that he owes to Con Edison. Oral Sent. Op. 15–18; Restitution SOR 21. Defendant argues that, despite this limiting order, he has received two letters from the government instructing him "to pay this debt immediately." Def.'s Reply 7–8. Upon examining the letters, I agree with the government that the defendant "overstates the significance" of these documents. Gov't Resp. 3. The first letter, the "Notice of Intent to Offset," places the defendant on notice that his debt may be referred to the Department of the Treasury, which "will reduce or withhold any of your eligible Federal payments . . . by the amount of your debt" if, among other things, the Department "determines that the debt is past-due." Def.'s Reply Ex. D, at 1. To avoid referral, defendant need only "present evidence that all or part of the criminal or civil judgment is not past due or that the judgment debt has been stayed or satisfied." *Id.* at 1–2. The Judgment of Conviction, ECF No. 86, which encompasses the payment schedule, *see* Memorandum & Order dated May 17, 2018, ECF No. 93, and the Restitution SOR provide defendant the requisite evidence.[6]

The second letter is an inquiry from the government as to whether defense counsel intended to continue representing the defendant for purposes of the government's "collection and enforcement of the criminal monetary judgment." Def.'s Reply Ex. D, at 3. In addition to not demanding that the defendant pay his debts immediately, the second letter refers only to the restitution that the defendant must pay the IRS. *See id.* Accordingly, defendant's arguments about *Lagos*, which pertain only to the investigative costs incurred by Con Edison, do not apply.

---

[6] In addition, as the government notes, this letter does not "signify the commencement of any legal process to impair any assets in the defendant's possession. Gov't Resp. 3. Rather, it alerts defendant that the government might withhold any funds that it potentially owes him until his debt is paid. *Id.*

Finally, although the parties do not address the third and fourth factors, I note that they also weigh against granting a stay. Con Edison, the IRS, and the public have an interest in seeing the defendant cease his attempts to prolong this litigation and commence his efforts to make his victims whole.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted in part and denied in part.

SO ORDERED.

                                                                /s/
                                             Allyne R. Ross
                                             United States District Judge

Dated:        July 25, 2018
                Brooklyn, New York