UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
CONSOLIDATED EDISON COMPANY OF NEW YORK,   :   22-CV-0045 (ARR) (LB)
INC.,                                       :
:           &
*Petitioner*,                     :
:      11-CR-430 (ARR)
-against-                                   :
:      NOT FOR ELECTRONIC
SASSINE RAZZOUK,                            :      OR PRINT PUBLICATION
:
*Respondent*.                     :
X   **OPINION & ORDER**
-------------------------------------------------------------------

ROSS, United States District Judge:

On April 3, 2018, I sentenced respondent Sassine Razzouk to seventy-eight months' imprisonment and, pursuant to the Mandatory Victims Restitution Act ("MVRA" or "the statute"), ordered him to pay restitution to petitioner Consolidated Edison Company of New York, Inc. ("Con Edison"), and Con Edison's insurer, the National Union Insurance Company ("National Union"), plus prejudgment interest. Thereafter and pursuant to 18 U.S.C. § 3664(m)(1)(B), a provision of the MVRA, Con Edison obtained a judgment-lien upon a Richmond County property owned by Mr. Razzouk. On December 7, 2021, Con Edison commenced a special proceeding in state court seeking a judgment authorizing the sale of Mr. Razzouk's Richmond County property. Mr. Razzouk then removed the special proceeding to this court. For the reasons set forth below, I find that I do not have subject matter jurisdiction over this proceeding and remand it to Richmond County Supreme Court. Because I do not have subject matter jurisdiction over Con Edison's special proceeding, I also find that Mr. Razzouk's letter motion to quash subpoenas issued by Con Edison may not be brought in this forum.

## BACKGROUND

On June 10, 2011, Mr. Razzouk pleaded guilty to all counts of a four-count information charging him with accepting bribes, in violation of 18 U.S.C. § 666 (Count One), and tax evasion, in violation of 26 U.S.C. § 7201 (Counts Two through Four). *United States v. Razzouk*, 11-CR-430 (ARR) ("Razzouk Criminal Case"),[1] Information, ECF No. 16; Razzouk Criminal Case, Minute Entry, ECF No. 18. His convictions stem from a bribery scheme to defraud his former employer, Con Edison. Razzouk Criminal Case, Restitution Order 1, ECF No. 84. As part of the scheme, Rodolfo Quiambao, the President and CEO of Rudell & Associates Inc., an engineering and design firm, paid Mr. Razzouk $8,178,184.86 in bribes between January 2006 and January 2010 to obtain contracts with Con Edison. *Id.* at 3. Mr. Quiambao recouped the costs of the bribes paid by overcharging Con Edison for the work his firm performed. *Id.*

On April 3, 2018, I sentenced Mr. Razzouk to seventy-eight months' imprisonment and ordered him to pay nearly seven million dollars in restitution to Con Edison and National Union, plus prejudgment interest. *Id.* at 1, 23; Razzouk Criminal Case, Crim. J. 3, ECF No. 86. Following the Supreme Court's decision in *Lagos v. United States*, 138 S. Ct. 1684 (2018), I amended my judgment on April 15, 2021, adjudging Mr. Razzouk to owe Con Edison and National Union $6,096,329.01 in restitution, plus prejudgment interest. Razzouk Criminal Case, Op. & Order, ECF No. 153; Razzouk Criminal Case, Am. J. 7−8, ECF No. 154.

Pursuant to 18 U.S.C. § 3664(m)(1)(B)—a provision of the MVRA that authorizes a victim entitled to restitution to obtain a judgment-lien upon the defendant's property, *see* 18 U.S.C. § 3664(m)(1)(B); *United States v. Johnson*, 347 F.3d 412, 418 (2d Cir. 2003)—Con Edison secured

---

[1] When referring to documents from Mr. Razzouk's underlying criminal case, I will introduce them with "Razzouk Criminal Case." If a document is not so marked, it comes from Con Edison's present civil case.

2

an abstract of judgment from the Clerk of this Court, Mem. in Opp'n to Resp't's Assertion of Original Jurisdiction ("Pet'r's Opp'n"), Ex. N, ECF No. 11-15. On May 5, 2021, Con Edison filed the abstract of judgment with the Richmond County Clerk; the abstract was docketed in accordance with section 5018(b) of the New York Civil Practice Law and Rules (CPLR),[2] *see* Pet'r's Opp'n 5, ECF No. 11 & Pet'r's Opp'n, Ex. N, thereby creating in Con Edison's favor a lien upon Mr. Razzouk's Richmond County real property, *see* 28 U.S.C. § 3664(m)(1)(B). On December 7, 2021, Con Edison commenced a special proceeding in Richmond County Supreme Court seeking a judgment authorizing the sale of this property, the proceeds of which would be distributed to Con Edison. Pet'r's Opp'n, Ex. P, ECF No. 11-17. In response, Mr. Razzouk timely removed the special proceeding, alleging that I have federal question jurisdiction over this matter. Notice of Removal, ECF No. 1.

On January 6, 2022, Con Edison filed a request for a pre-motion conference on its anticipated motion for summary judgment, wherein it raised its belief that that this Court is without subject matter jurisdiction over Con Edison's special proceeding. Mot. for Pre-Mot. Conference, ECF No. 8. In response, I directed both parties to submit briefing on a single question: whether, under the MVRA, I have jurisdiction over Con Edison's special proceeding to enforce its state judgment-lien. Jan. 24, 2022 Docket Entry. Mr. Razzouk filed his brief on February 7, 2022. *See* Letter Asserting Original Jurisdiction ("Resp't's Mot."), ECF No. 10. Con Edison's filed its response on February 23, 2022. *See* Pet'r's Opp'n.[3]

---

[2] Under CPLR 5018(b), a federal court judgment "rendered or filed within the state may be filed in the office of the clerk of any county and upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county."

[3] On March 2, 2022, Mr. Razzouk requested an extension of time to file his reply brief until March

On May 26, 2022, Mr. Razzouk filed a motion on the docket for his criminal case to quash several subpoenas issued by Con Edison upon third parties; Con Edison's subpoenas appear related to the federal restitution judgment that I issued in Mr. Razzouk's criminal case. *See generally* Razzouk Criminal Case, Letter Mot. to Quash Subpoenas, ECF No. 161. According to Mr. Razzouk, a similar motion was first filed in Richmond County Supreme Court on or about April 20, 2022; the Richmond County Supreme Court rejected it, however, because Con Edison's special proceeding had already been removed to this court. *Id.* at 3. Insofar as my ability to adjudicate Mr. Razzouk's motion to quash depends on whether I have federal subject matter jurisdiction over Con Edison's special proceeding, I consider that motion here, too.

## DISCUSSION

### I.     The Statutory Landscape.

Congress passed the MVRA in 1996 "to help victims and to hold offenders accountable for the losses they inflict." *United States v. Maynard*, 743 F.3d 374, 377 (2d Cir. 2014). "In addition to making restitution a mandatory part of many federal sentences," for certain offenses, "the MVRA made paying restitution a condition of probation." *United States v. Witham*, 648 F.3d 40, 45 (1st Cir. 2011) (internal citations omitted). "The MVRA also replaced the existing statutory procedure . . . for issuing an order of restitution with a much more detailed procedure for issuance and enforcement of orders of restitution," *id.* (internal quotations, alterations, and citations omitted), which is set forth in § 3664 of the statute, *see* 18 U.S.C. § 3663A(d) ("An order of restitution under this section shall be issued and enforced in accordance with [S]ection 3664.").

---

7, 2022, Letter to Modify Scheduling Order, ECF No. 12, which I granted, Mar. 2, 2022, Docket Entry. Mr. Razzouk never filed his reply brief, nor requested a subsequent extension. I therefore consider only his opening motion and Con Edison's response in adjudicating this matter.

Under this section, a restitution order is enforceable by two different means. *See United States v. Johnson*, 347 F.3d 412, 418 (2d Cir. 2003) (explaining the different methods by which the federal government and/or a victim may enforce an order of restitution). First, the federal government is authorized to enforce restitution orders in "in the manner provided for in 18 U.S.C. §§ 3571 *et seq.* and 3611 *et seq.*; or by all other available and reasonable means." *Madigan v. Bronstein*, No. 18-MC-61 (WHP), 2018 WL 1768283, at *2 (S.D.N.Y Apr. 12, 2018) (quoting 18 U.S.C. § 3664(m)(1)(A)). "The robust panoply of enforcement options at the federal government's disposal [thus] includes the practices and procedures for the enforcement of a civil judgment under [f]ederal law or [s]tate law, including [Federal Rule of Civil Procedure] 69." *Id.* at *2 (internal quotation marks and citation omitted). Second, victims named in a restitution order may enforce the order by obtaining a state judgment-lien against the real property of a defendant.[4] *See* 18 U.S.C. § 3664(m)(1)(B); *Johnson*, 347 F.3d at 418; *Nat'l Council on Comp. Ins., Inc. v. Caro & Graifman, P.C.*, No. 03-CV-1925 (AHN), 2008 WL 450413, at *18 (D. Conn. Feb. 15, 2008) (collecting cases); *Madigan*, 2018 WL 1768283, at *2; *cf. United States v. Walker*, 353 F.3d 130, 133 (2d Cir.

---

[4] Mr. Razzouk alleges that New York State courts have refused to find victim standing to enforce restitution orders under the MVRA. Resp't's Mot. 5. His reliance on *Mikhlov v. Festinger*, 102 N.Y.S. 3d 170 (N.Y. App. Div. 2019), is misplaced, however. In *Mikhlov*, the court found that the Victim and Witness Protection Act, a predecessor to the MVRA, governed petitioner's claim because the criminal conduct qualifying for mandatory restitution occurred before the MVRA was enacted. *Id.* at 173–74. While the *Mikhlov* court went on to say that the petitioner would not have had a claim under the MVRA, even were the MVRA applicable, it did so because the petitioner sought to enforce an abstract of judgment *before* recording it as a lien on the defendant's property, contrary to the MVRA's required procedure. *Id.* at 175 ("Petitioner has obtained an abstract of judgment, but never recorded it as a lien on defendant's property or brought an action to enforce it. As discussed, the MVRA does not provide a cause of action for a private victim to enforce an abstract judgment on a restitution order . . . ."). The court certainly did not hold that victims who follow the applicable procedure do not have standing to enforce restitution orders; to the contrary it noted that "[s]ome cases may support the conclusion that under the MVRA, a victim who has obtained a lien on property based on a restitution order may enforce that lien in a special court proceeding." *Id.*

5

2003) (explaining that while a court retains discretion to craft payment schedules for orders of restitution, this discretion is restricted by a victim's ability to convert the restitution order into judgment that "shall be a lien on the property of the defendant in the same manner and to the same extent . . . as a judgment of a court of general jurisdiction in that [s]tate" (quoting 18 U.S.C. § 3664(m)(1)(B) (alteration omitted)).[5]Thus, unlike the broad swath of options available to the federal government, "the enforcement mechanism available to victims is comparatively meager." *Madigan*, 2018 WL 1768283, at *2.

Section 3664(m)(1)(B) instructs that in order to obtain a judgment-lien against the real property of a defendant, a victim must first obtain an abstract of judgment from the clerk of court, which once

> register[ed], record[ed], docket[ed], or index[ed] . . . in accordance with the rules and requirements relating to judgments of the court of the [s]tate where the district court is located . . . shall be a lien on the property of the defendant . . . in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that [s]tate.

18 U.S.C. § 3664(m)(1)(B). It was this very procedure that Con Edison followed: it first obtained an abstract of judgment from the Clerk of Court, *see* Pet'r's Opp'n 5 & Ex. N, which was docketed with the Richmond County Clerk in accordance with CPLR 5018(b), thereby creating a lien on the Richmond County property of Mr. Razzouk "in the same manner and to the same extent and under the same conditions," 18 U.S.C. § 3664(m)(1)(B), as a New York State judgment, Pet'r's Opp'n 5 & Ex. N. Seeking to enforce this state judgment-lien, Con Edison commenced a special proceeding in Richmond County Supreme Court on December 7, 2021, pursuant to CPLR 5206(e), which

---

[5] According to the Department of Justice's own website, once a victim obtains a judgment-lien on the defendant's property, the victim "will then have similarly legal rights as any other civil judgment lien creditor, and this means [they] can collect the money from the defendant [themselves.]" *Restitution Process*, U.S. Dep'tt of Just., https://www.justice.gov/criminal-vns/restitution-process (last updated Sept. 18, 2020).

authorizes a judgment creditor to commence a special proceeding against a judgment debtor for the sale of homestead property in Richmond County exceeding $150,000 in value, and Article 4, which lays out the procedure for special proceedings. *See* Pet'r's Opp'n 7; Pet'r's Opp'n, Ex. P. Con Edison's proceeding seeks an order and judgment authorizing the sale of Mr. Razzouk's Richmond County property and directing distribution of the proceeds to Con Edison. *See* Pet'r's Opp'n Ex. P, at 6. Because Mr. Razzouk removed this proceeding from Richmond County Supreme Court, the question now before me is whether, under the MVRA, I have jurisdiction over this matter.

## II. Con Edison's State Judgment-Lien on Mr. Razzouk's Real Property Is Enforceable Only in State Court.

"[B]ecause [] federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns," *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 382 (S.D.N.Y. 2006) (citation and internal quotation marks omitted), I "construe the removal statute narrowly" in deciding whether I have jurisdiction over plaintiff's special proceeding, "resolving any doubts against removability," *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks and citation omitted). "Only state-court actions that originally could have been filed in federal court may be removed to federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Applying this strict standard to matters brought pursuant to § 3664(m)(1)(B) of the MVRA, I find that do not have federal subject matter jurisdiction over Con Edison's special proceeding and, by extension, Mr. Razzouk's motion to quash third-party subpoenas. This conclusion is supported by the plain meaning of § 3664(m)(1)(B) and by its legislative history.

The letter of the MVRA makes clear that federal courts are divested of jurisdiction once an abstract of judgment is registered, recorded, docketed, or indexed "in accordance with the rules

and requirements relating to judgments of the court of the [s]tate where the district is located," 18 U.S.C. § 3664(m)(1)(B). Under § 3664(m)(1)(B), once such action is taken, the abstract of judgment becomes a "lien on the property of the defendant located in such [s]tate *in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that [s]tate*." *Id.* (emphasis added). In other words, once an abstract of judgment is registered, recorded, docketed, or indexed in state court—as it was here—it becomes a *state* judgment-lien, and is thus enforceable in state court. Notably, nowhere does § 3664(m)(1)(B) suggest that this state judgment-lien is enforceable in any forum other than state court. Indeed, several courts in this and other circuits have concluded that victims seeking to enforce restitution orders are thus limited to enforcement in state court. *See, e.g.*, *Cavellini v. Harris*, No. 93-CV-57 (KAW), 2015 WL 6954896, at *5 (N.D. Cal. Nov. 10, 2015) ("[A] restitution judgment in a federal criminal case may only be enforced in state court." (citing 18 U.S.C. § 3664(m)(1)(B)); *United States v. Davis*, No. 12-CV-20224 (AJT), 2016 WL 4493670, at *2−3 (E.D. Mich. Aug. 26, 2016) (explaining that "while a victim of a crime cannot affirmatively enforce the restitution in a criminal case in federal court," a victim named in a restitution order does "have an ability to enforce the restitution order in state court under 18 [U.S.C.] § 3664(m)(1)(B)"); *Madigan*, 2018 WL 1768283, at *3 (declining to find that the victim could seek discovery in aid of her state judgment-lien in federal court); *see also* Catharine M. Goodwin, Federal Criminal Restitution § 15:29 (Aug. 2021) (explaining that a victim can enforce a restitution order by "obtaining the abstract to file as a state civil judgment").[6]

---

[6] I note that at least one court in this circuit has concluded that § 3664(m)(1)(B) "still gives the court jurisdiction to enforce a restitution order in federal court" in part because "[n]owhere does the MVRA foreclose victims from enforcing restitution orders in federal court." *Nat'l Council*, 2008 WL 450413, at *18 n.2. While I am persuaded to the contrary based on the unambiguous

A comparison of § 3664(m)(1)(B) to its counterpart, § 3664(m)(1)(A), which governs the enforcement of restitution orders by the United States, is similarly instructive on this point. Under § 3664(m)(1)(A), the United States may enforce an order of restitution "in the manner provided for in [18 U.S.C. §§ 3571 et seq. and 3611 et seq.]; or . . . by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Thus, the "robust panoply of enforcement options at the federal government's disposal includes 'the practices and procedures for the enforcement of a civil judgment under [f]ederal law or [s]tate law,' including Rule 69." *Madigan*, 2018 WL 1768283, at *2 (quoting 18 U.S.C. § 3613 (a) & (f)). Against this backdrop, § 3664(m)(1)(B)'s limited enforcement mechanism—obtainment and enforcement of a judgment-lien in state court—is even clearer.

The legislative history of § 3664(m)(1)(B) also evinces a legislative intent to divest federal courts of jurisdiction over state judgment-liens obtained by victims pursuant to the MVRA. At the time of its approval by the House and Senate Judiciary committees, § 3664(m)(1)(B) authorized a victim to enforce a federal court's restitution order "in the same manner as a judgment in a civil action." S. Rep. No. 104-179, at 7 (1995); H.R. Rep. No. 104-16, at 8 (1995). While the legislative history of the MVRA does not indicate why, by the time the bill passed in 1996, § 3664(m)(1)(B) was amended to read as it currently does: enabling a victim to enforce an order of restitution only by obtaining a state judgment-lien against the real property of a defendant. David Peters,

---

language of § 3664(m)(1)(B), I also concur with *Madigan v. Bronstein*, 2018 WL 1768283 in finding "[t]he persuasive force of *National Council on Compensation Insurance*'s observation . . . muted" because its "discussion focused on *who* may enforce a restitution order (*i.e.*, a victim's enforcement capabilities vis-à-vis the [g]overnment's) as opposed to the *forum* in which a restitution order may be enforced (*i.e.*, state court versus federal court)." *Id.* at *3. Indeed, *National Council on Compensation Insurance's* conclusion that a victim may enforce a restitution order in federal court is found only in a footnote that attends the court's broader discussion on the enforcement mechanisms afforded to victims under the MVRA. *See Nat'l Council*, 2008 WL 450413, at *18.

*Unsettled: Victim Discretion in the Administration and Enforcement of Criminal Restitution Orders*, 166 U. Pa. L. Rev. 1293, 1308 n.88 (2018); 18 U.S.C. § 3664(m)(1)(B). Had the previous version of § 3664(m)(1)(B) been enacted, then a victim would, by the express terms of the statute, be authorized to enforce a restitution order in federal court pursuant to Federal Rule of Civil Procedure 69(a), which "provides, in relevant part, that the 'procedure on execution' in federal court upon a money judgment 'must accord with the procedure of the state where the court is located.'" *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 638 (2d Cir. 2016) (per curiam) (quoting Fed. R. Civ. P. 69(a)(1)). It was not this iteration of the MVRA that was signed into law, however. Instead, the version that was enacted, and which guides my analysis, provides a much more limited process for a victim seeking to enforce a restitution order. In light of this history, the plain reading of the statute is only bolstered: victims seeking to enforce restitution orders are confined to state court.

Having considered the unambiguous meaning of § 3664(m)(1)(B) and its legislative history, I conclude that a victim seeking to enforce a restitution order may do so only by the strict terms of the statute, which require a victim to obtain a judgment-lien that is thereafter enforceable exclusively in state court. Accordingly, I am without jurisdiction over Con Edison's special proceeding to authorize the sale of Mr. Razzouk's real property.[7]

## CONCLUSION

Because I do not have subject matter jurisdiction over Con Edison's special proceeding, I

---

[7] Resisting this conclusion, Mr. Razzouk alleges that I have ancillary jurisdiction over this matter. Resp't's Mot 2–3. I find his argument facile. While federal courts ordinarily have ancillary jurisdiction "in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments," *Peacock v. Thomas*, 516 U.S. 349, 356 (1996), the letter of §3664(m)(1)(B) is here clear that state, not federal, court is the proper forum for enforcement of my restitution order by Con Edison.

remand this matter back to Richmond County Supreme Court. Because Mr. Razzouk's letter motion to quash subpoenas issued by Con Edison relates to the same special proceeding commenced by Con Edison, it is also remanded.

SO ORDERED.

                                                               /s/
                                            Allyne R. Ross
                                            United States District Judge

Dated:       July 7, 2022
               Brooklyn, New York